## J. G. TOMLINSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7068.   Promulgated August 1, 1927.

Where liquidating dividends are received over a period of years from a corporation in process of dissolution and liquidation, and a stockholder is subsequently required, by reason of a tax deficiency of the corporation, to repay a portion of the dividends so received, the amounts repaid are properly set off first against the dividend last received.

*Laurence Graves, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the respondent.

This proceeding involves deficiencies in income taxes for 1919 and 1920 of $205.06 and $1,237.22, respectively. Of the issues raised by the pleadings, some have been withdrawn by the petitioner and others have been agreed upon, leaving only for decision the question of whether certain liquidating dividends received by petitioner during the year 1920 are properly reducible by repayments subsequently made by him.

### FINDINGS OF FACT.

The petitioner is an individual residing at Troy, N. C.

He was the owner of 96 shares of stock of the Capelsie Cotton Mills, a North Carolina corporation. In 1920 the corporation sold all its property, consisting principally of a mill, mill property, land, and machinery. It retained only a safe, an office desk, some accounts receivable, and some Government bonds. Petitioner received in 1920 a liquidating dividend of $49,492.80, another liquidating dividend of $2,592 in 1921, and a further liquidating dividend of $2,573.76 in 1922.

On March 6, 1924, the petitioner repaid $267.65 because the company had insufficient funds to pay certain Federal taxes. In 1926 the petitioner received from the secretary-treasurer of the corporation the following notice:

Final assessment has been made against the Capelsie Cotton Mills for the additional income tax due. The amount necessary to be paid by each stockholder is $14.133 per share.

| | |
|---|---|
| Your 96 shares figure that you will be due to pay back_____ | $1,356. 76 |
| Less amount already advanced by you, including interest on same____ | 304. 51 |
| | 1,052. 25 |

Kindly let us have your check for this amount.

On August 20, 1926, the petitioner paid the amount of $1,052.25. The corporation was dissolved shortly after the sale of its assets in 1920.

The petitioner owned 30 shares of stock of the Francis Cotton Mills, Inc. In 1920 that company sold its assets and in the same year the petitioner received liquidating dividends of $12,660. No dividends were received thereafter.

Petitioner received a notice from the secretary-treasurer of the corporation dated November 14, 1923, advising him that the liability of the company for income taxes had been determined to be $111,000, that only $45,387 was on hand to pay the taxes, that it would be necessary to raise by assessment $65,505, and that petitioner's share was $1,650. This amount was paid by petitioner on January 6, 1924.

The Francis Cotton Mills, Inc., was dissolved in 1920 or 1921.

The respondent determined that the amount received by petitioner on liquidation of the Francis Cotton Mills, Inc., was $374.74 a share.

### OPINION.

STERNHAGEN: The petitioner assigns the following errors on the part of the respondent in determining the deficiencies here involved:

1. That for 1919 he disallowed the deduction of $2,809.51 expended for fertilizer, and $830.65 expended for repairs.

2. That for 1920 he failed to include in income rents of $3,535, and also failed to allow the deduction of $8,547.26 expended for fertilizer.

3. That he incorrectly determined the gain realized in 1920 on liquidating dividends received from the Capelsie Cotton Mills by reason of using an incorrect value as of March 1, 1913.

4. That he erroneously determined that petitioner received income in 1920 from the Troy Garment Manufacturing Co., a partnership.

5. That he refused to reduce the amount of a liquidating dividend received in 1920 from the Capelsie Cotton Mills by amounts subsequently repaid to the corporation to enable it to pay Federal income tax.

6. That he refused to reduce the amount of liquidating dividends received in 1920 from the Francis Cotton Mills, Inc., by an amount subsequently repaid to the corporation to enable it to pay Federal income tax.

With regard to the first assignment of error, the parties have agreed that the petitioner is entitled to a deduction of $1,777.50 for expenditures for fertilizer and repairs in 1919. This amount shall be allowed as a deduction in computing the deficiency for that year.

With regard to the second assignment of error, the parties have agreed that the rents of $3,535 shall be added to the petitioner's income for 1920, and that he is entitled to a deduction of $3,207.94 on account of expenditures for fertilizer, instead of $8,547.26 as alleged.

The third and fourth assignments of error were withdrawn, and the action of the respondent complained of in these assignments of error is sustained.

The only matter remaining for consideration is the question whether the income derived from liquidating dividends in 1920 should be reduced by the amounts repaid in subsequent years. The question has already been decided. In *O. B. Barker*, 3 B. T. A. 1180, it was held that stockholders receive liquidating dividends impressed with a trust to the extent that the amounts received encroach upon the equity of the corporation's creditors, and it was held that in computing tax on such dividends they should be reduced by the amount the stockholder returns to the corporation to satisfy claims against the corporation. This was followed in *E. F. Cremin*, 5 B. T. A. 1164, and *E. M. F. Leflang*, 6 B. T. A. 4.

This petitioner received $12,660 from the Francis Cotton Mills, Inc., as liquidating dividends in 1920, and no further dividends were received thereafter. In 1924 he was required to and did repay $1,650. These facts are clearly within the principle laid down in the *Barker* and other cases *supra*, and in recomputing the deficiency for 1920 the liquidating dividends should be reduced to $11,010.

The conclusion in respect of the liquidating dividends received in 1920 from the Capelsie Cotton Mills must be for the respondent. The petitioner received three liquidating dividends, $49,492.80 in 1920, $2,592 in 1921, and $2,573.76 in 1922. He repaid $267.65 in 1924, and $152.25 in 1926, to enable the corporation to pay its Federal taxes. He now seeks to apply these two payments, aggregating $419.90, against the first dividend of 1920. It will be readily seen that this can not be. There is no trust impressed upon the first liquidating dividend since it did not impair the equity of creditors. *Clarence LeBus*, 1 B. T. A. 733. In *O. B. Barker*, *supra*, it was held consistently with this that the amount returned is to be set off against the last distribution received.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by GREEN and ARUNDELL.